DAVID J. MARTIN AND WIFE, MARILYN B. MARTIN v. DR. L. CARL LILES AND W. G. PARKER, TRUSTEE

No. 7710SC1048

(Filed 16 January 1979)

**Mortgages and Deeds of Trust § 40— foreclosure enjoined by bankruptcy court— injunction dissolved—absence of notice to trustors**

Where plaintiffs were notified of a foreclosure sale of their property under a deed of trust, the property was sold but the trustee was enjoined by a federal bankruptcy court from delivering the deed, the bankruptcy court's restraining order was dissolved after a hearing at which plaintiffs were represented by counsel, and the trustee delivered the deed ten days later,

there was no requirement that plaintiffs be notified that the order had been entered dissolving the restraining order in order for the trustee's deed to be valid.

APPEAL by plaintiffs from *Canaday, Judge.* Judgment entered 26 July 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 25 September 1978.

The plaintiffs have appealed from a summary judgment in favor of the defendants. The following facts are not in dispute. In 1968, plaintiff executed a note secured by a deed of trust on the subject real property, in which deed of trust defendant Parker was trustee and defendant Liles was the beneficiary. Following plaintiffs' default on said note, defendant Parker, as trustee at the direction of defendant Liles, holder of the note, initiated foreclosure proceedings under which the subject real property was offered for sale by defendant Parker on 8 July 1975. Defendant Liles became the last and highest bidder in an amount which equaled the total of the balance due on the note secured by the deed of trust, commissions, fees and expenses. Defendant Parker filed a report of sale on 8 July 1975. On 11 July 1975, the United States Court for the Eastern District of North Carolina entered a restraining order in a bankruptcy proceeding staying any further action in the foreclosure. Defendant Liles then made a motion in the bankruptcy proceedings to dissolve the restraining order. A hearing on this motion to dissolve was heard on 8 December 1975 in the Bankruptcy Court. Defendant Parker represented defendant Liles at this hearing and Harold Russell, Jr., Esq. represented the plaintiffs. On 18 December 1975, the Bankruptcy Court entered an order dissolving the restraining order of 11 July 1975. On 29 December 1975, defendant Parker, as trustee, delivered a deed to the said property to defendant Liles.

The plaintiffs brought an action to have the deed set aside and for damages. Upon the above facts being established either by the pleadings or by answers to interrogatories, the court granted the defendants' motion for summary judgment.

*Maupin, Taylor and Ellis, P.A., by Richard C. Titus, for plaintiff appellants.*

*W. Gale Parker, for L. Carl Liles and W. G. Parker, Trustee, defendant appellees.*

Martin v. Liles

WEBB, Judge.

The plaintiffs contend summary judgment was not proper in this case because in sworn answers to interrogatories, the plaintiffs stated they did not have notice that the Bankruptcy Court had dissolved the restraining order which enjoined the foreclosure. If this is a material issue of fact, we must reverse. We hold this is not a material issue and the summary judgment is affirmed.

The appellants were notified the property would be sold under a foreclosure sale; the property was sold, but the trustee was enjoined by the Bankruptcy Court from delivering the deed; after a hearing at which the plaintiffs were represented by counsel, the restraining order was dissolved. The trustee then waited ten days before delivering the deed. We hold there was no requirement that the plaintiffs be notified that the order had been entered dissolving the restraining order. The plaintiffs were as able as the defendants to find out when the order was entered. They knew the matter was under consideration by the Bankruptcy Court and were in a position to take whatever action they deemed appropriate to protect themselves. They cannot now complain because they took no action.

There being no genuine dispute as to any material fact, summary judgment is appropriate. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976).

Affirmed.

Judges ARNOLD and MITCHELL concur.